# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GREGORY C. COX JR., *et al.*, | : | Case No. 1:23-cv-324 |
| Plaintiffs, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| PROSECUTOR STEVEN NORD, *et al.*, | : | |
| Defendants. | : | |

## ORDER and
## REPORT AND RECOMMENDATION

This civil rights case is before the Court to consider the responses to a June 9, 2023 Deficiency Order. (Doc. 2). The Undersigned concludes that the Deficiency Order is partially satisfied, but partially unsatisfied, and **RECOMMENDS** that the case be **DISMISSED** for want of prosecution.

The June 9 Deficiency Order identified two issues for the named Plaintiffs to resolve. It said:

> A civil complaint under 42 U.S.C. § 1983 was recently submitted to this Court. According to the Complaint and the envelope in which it was mailed, it was submitted by one of the named Plaintiffs, Gregory C. Cox Jr. (Doc. 1, PageID 1, 2, 12). . . .
>
> The Complaint in this case (Case No. 1:23-cv-324) lists three Plaintiffs in the caption: Gregory C. Cox Jr., Holmer J. Jenkins Jr., and David Bennett.[1] (Doc. 1, PageID 1). However, the Complaint appears to have been drafted primarily from the perspective of Plaintiff Cox. (*Compare* Doc. 1, PageID 2 (naming Cox as the

---

[1] "According to the website of the Ohio Department of Rehabilitation and Correction, a "Homer" J. Jenkins Jr., and Gregory C. Cox are in custody at the Southeastern Correctional Institution following convictions in Lawrence County, Ohio. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A807658 and https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A815253 (accessed June 6, 2023). It appears that a David M. Bennett is in custody at Chillicothe Correctional Institution following a conviction in Lawrence County. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A809501 (accessed June 6, 2023)." (Doc. 2).

Plaintiff) and PageID 4 ("The People held me against my will for 2 days in county jail.") *with* PageID 5 ("The State closed my case and I Gregory Cox Jr. David Bennitt Holmer Jenkins was released…")).

Four Defendants are named: Prosecutor Steven Nord; Detective Brad Laymen; Detective Aaron Bollinger (or Bolinger); and Judge Andy (or Andrew) Ballard. (Doc. 1, PageID 1-3). Defendants appear to be part of the law enforcement or court system in Lawrence County, Ohio.

A similar lawsuit was filed shortly before this case, involving the same parties. In Case No. 1:23-cv-320, the complaint lists Holmer J. Jenkins, Gregory C. Cox Jr., and David Bennett as Plaintiffs. The same four Defendants are sued. That complaint appears to have been submitted by Plaintiff Jenkins. (*See* Doc. 1-1, PageID 12 in Case No. 1:23-cv-320).

As of the time of this writing, it does not appear that Plaintiff Bennett has submitted a third Complaint.

Two issues must be resolved before this case, Case No. 1:23-cv-324, can proceed. First, the Complaint in this case is not signed by anyone. (Doc. 1, PageID 11). Rule 11 of the Federal Rules of Civil Procedure requires every pleading, written motion, and other paper to be signed by the parties if they are not represented by counsel. As it appears Plaintiffs are proceeding without counsel here, they must personally sign the Complaint.

To be clear, *each Plaintiff* must personally sign the Complaint if he wants to proceed as a plaintiff in this case. The Court does not permit one plaintiff to represent the others or to sign documents on their behalf. 28 U.S.C. § 1654. Cox, Jenkins, and Bennett must *each* personally sign the Complaint if they want to be a plaintiff in Case No. 1:23-cv-324.

The Clerk of Court is **DIRECTED** to return the original Complaint to Plaintiff Cox (at Southeastern Correctional Institution), and to send a copy of the Complaint to Plaintiff Jenkins (at Southeastern Correctional Institution) and a copy to Plaintiff Bennett (at Chillicothe Correctional Institution). Plaintiffs are **ORDERED** to sign the Complaint sent to them and return it to the Clerk **within thirty days** of the date of this Deficiency Order if they wish to remain a plaintiff in Case No. 1:23-cv-324. If Cox, Jenkins, or Bennett fails to sign and return his copy of the Complaint within thirty days, he will be dismissed as a plaintiff in Case No. 1:23-cv-324.

The second issue requiring attention is the Court's filing fee, which has not been paid. The fee to institute each civil action in this Court is $402 ($350 filing fee plus $52 administrative fee). 28 U.S.C. § 1914(a). One Plaintiff may pay the entire $402, or the Plaintiffs may each pay part of it.

Alternatively, Plaintiffs may ask this Court to allow them to proceed *in forma pauperis* under 28 U.S.C. § 1915. . . .

> Plaintiffs are **ORDERED** to either pay $402 ($350 filing fee plus $52 administrative fee) to proceed in this case, or to each submit a properly supported *in forma pauperis* application **within thirty days** of the date of this Deficiency Order.

(Doc. 2).

On June 21, 2023, an Application to proceed *in forma pauperis* was received from Cox. (Doc. 4). No Application has been received from Jenkins or Bennett in this case. No part of the filing fee has been paid.

Cox has satisfied the second part of the Court's Deficiency Order. However, neither Cox, Jenkins, nor Bennett have signed and returned their copies of the Complaint. As a result, the case has not been properly commenced. *See Ford v. Hammonds*, No. 1:23-cv-128, 2023 WL 4280677, at *1 (E.D. Tenn. June 29, 2023) (citing Fed. R. Civ. P. 3 and 11) (concluding that plaintiff "has not initiated a civil action because he did not sign the Complaint"). The Court does not have a signed complaint before it to review or on which service could be ordered. The signed Complaints were due within thirty days of the June 9 Deficiency Order, or by July 10, 2023. As of the date of this writing, the Court has not received a signed Complaint from Cox, Jenkins, or Bennett.

Some other documents were submitted. Around July 13, 2023, Cox filed a Motion for Bond, appearing to ask for release from prison. (Doc. 6). Around July 24, 2023, Cox filed a document entitled "Extortion." (Doc. 7). He submitted a second document entitled "Extortion" on July 26, 2022, with some attachments. (Doc. 9). Also around July 24, 2023, someone, perhaps Jenkins, filed a document entitled "Lack of Evidence." (Doc. 8). This document is itself not signed and is **STRICKEN** from the docket. Fed. R. Civ. P. 11. The parties are again cautioned that they may not represent one another in federal court, 28 U.S.C. § 1654, and that all documents submitted in this case must be signed by them personally.

This Court generally requires plaintiffs to cure the type of deficiency presented here within thirty days. Cox, Jenkins, and Bennett were ordered to do so here. Because they have failed to comply with the first part of the Court's Deficiency Order (and Jenkins and Bennett failed to comply with both parts), each of them should be dismissed as Plaintiffs. In other words, this case should be dismissed in its entirety for want of prosecution.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to comply with a court order warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). In this case, Cox, Jenkins, and Bennett were specifically advised that their claims would be dismissed if they failed to comply with the Court's Deficiency Order. (Doc 2, PageID 15 ("If Cox, Jenkins, or Bennett fails to sign and return his copy of the Complaint within thirty days, he will be dismissed as a plaintiff in Case No. 1:23-cv-324.")). As they have all failed to comply with this part of the Deficiency Order, the Undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice for want of prosecution. *See Keeran v. Warren Cnty. Sheriffs Off.*, No. 1:07-cv-351, 2007 WL 3376787, at *1 (S.D. Ohio Nov. 8, 2007) (dismissing case for lack of prosecution where plaintiff failed to comply with a deficiency order that, among other things, "directed [him] to sign his original Complaint . . . and return [it] to the Clerk of Court within thirty (30) days if he still wished to pursue this matter"). The pending Application to proceed *in forma pauperis* (Doc. 4), the Motion for Bond (Doc. 6), and the "Extortion" filings (Doc. 7, 9) should be **DENIED** as moot. The "Lack of Evidence" filing (Doc. 8) is **STRICKEN** from the docket.

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

August 4, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE