UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GREGORY C. COX JR., *et al.*, | : | Case No. 1:23-cv-324 |
| Plaintiffs, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| PROSECUTOR STEVEN NORD, *et al*., | : | |
| Defendants. | : | |

# ORDER

This matter is before the Court on several filings by Plaintiff Gregory C. Cox, Jr., a state prisoner who is proceeding *in forma pauperis* and without the assistance of counsel.

Cox's Motion for Bond (Doc. 6) is **DENIED**. This Court does not have the authority in this civil rights case to grant Cox a surety bond and release him from a custodial judgment issued by a state court. *See generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a habeas corpus action is the sole federal remedy for a state prisoner seeking immediate or speedier release from prison).

Cox also filed two Motions concerning "Extortion." (Doc. 7, 9). These documents present argument in support of Plaintiff Cox's view of his state conviction, and ask "the courts to get DNA from" people allegedly involved with that conviction. (Doc. 7, PageID 34; Doc. 9, PageID 40). Plaintiff Cox does not cite any authority for this request and the Court is not aware of any. The Motions (Doc. 7, 9) are therefore **DENIED**.

Finally, Cox has submitted a "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody," which was docketed in this case. (*See* Doc. 14). In the

Petition, Cox challenges the conviction and sentence imposed by a Lawrence County, Ohio court.  (Doc. 14, PageID 154).

Claims for habeas corpus relief under 28 U.S.C. § 2254 are different in many ways from claims raised under the Civil Rights Act, 42 U.S.C. § 1983.  These two types of claims are subject to different rules and requirements, and generally must proceed in separate cases.  *See Ruza v. Michigan*, No. 1:20-cv-504, 2020 WL 4670556, at *2 (W.D. Mich. Aug. 12, 2020), *aff'd*, No. 20-1841, 2021 WL 3856305 (6th Cir. Apr. 7, 2021) (and the cases cited therein) ("courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage.").  The Undersigned concludes that Cox's habeas corpus petition should proceed on its own in a case that is separate from this civil rights case.

Accordingly, the Clerk of Court is **DIRECTED** to open a new case on the Court's docket and file therein Cox's habeas corpus Petition.  (Doc. 14).  The Clerk should note on the docket of this case that the Petition has been transferred to the new case.  The Clerk is further **DIRECTED** to send Plaintiff a copy of the Petition bearing the new case number for the habeas corpus case.

The Undersigned expresses no opinion as to whether the Petition has merit or whether Plaintiff may proceed further with the habeas corpus action under the statutes and rules that apply to it.  The judicial officers to whom the new case is assigned and referred will consider how to proceed with the Petition in the new case.  Cox is **ADVISED** that he must include the appropriate case number on all future filings.

The next step in this civil rights case is for the Court to screen the Complaint.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  The Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Screening is required under the Prison Litigation Reform Act because Plaintiff Cox is a prisoner who is proceeding *in forma pauperis* and is seeking "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

The Undersigned will conduct the initial screening as soon as practicable. The Court will then enter an order and, if appropriate, direct service of the Complaint and summons on Defendants. The Clerk of Court is **DIRECTED** to hold service until that time. The Court will consider any pending motions after, or along with, the initial screening.

A copy of the Court's order screening the Complaint will be mailed to Plaintiff Cox. He is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED.**

August 24, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE