UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GREGORY C. COX JR., *et al.* | : | Case No. 1:23-cv-324 |
| Plaintiffs, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| PROSECUTOR STEVEN NORD, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This civil rights action is before the Court for an initial screening of the pro se Complaint filed by state prisoner Gregory C. Cox Jr. (Doc. 13). Two other individuals were initially listed as plaintiffs in the complaint, but the Undersigned has recommended that they be dismissed from this case because they did not sign the complaint.[1] (*See* Doc. 10). One of these individuals, Holmer J. Jenkins, is proceeding in his own civil rights case, Case No. 1:23-cv-320. The two cases are related (*see* Doc. 5) but are proceeding separately.[2]

This case, Case No. 1:23-cv-324, concerns Cox's civil rights claims against a county prosecutor, a state court judge, and two detectives with the Lawrence County, Ohio Sheriff Office. (Doc. 13, PageID 149-150). For the reasons that follow, the Undersigned **RECOMMENDS** that this Court **DISMISS** the Cox's Complaint in its entirety as frivolous or

---

[1] The Undersigned initially recommended that the Court dismiss all three plaintiffs' claims (Doc. 10), but later withdrew part of that recommendation (Doc. 17). As a result, only Gregory Cox's claims are currently being considered in this case, at this time.

[2] Both Cox and Jenkins have also filed habeas corpus petitions, which generated new habeas corpus cases. Those cases are also proceeding separately. *See* Case No. 1:23-cv-532 (Cox); Case No. 1:23-cv-560 (Jenkins).

for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

## I. Initial Screening Standard

Because Plaintiff Cox is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Doc. 16), the Court is required to conduct an initial screening of his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and

evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

**II.     Parties and Claims**

Plaintiff Gregory C. Cox Jr. is currently incarcerated at the Southeastern Correctional Institution (SCI) following convictions in the Lawrence County Court of Common Pleas. (Complaint, Doc. 13, PageID 149, 157). At the time of the events described in the Complaint, he was being held at the Lawrence County Jail in Ironton, Ohio. (*Id*., PageID 151, 157).

3

Cox sues four defendants: Prosecutor Steven Nord;[3] Detective Brad Laymen; Detective Aaron Bollinger (or Bolinger);[4] and Judge Andy Ballard.[5] (*Id*., PageID 147, 149-150). Defendants are sued in their official capacities only. (*Id*., PageID 149-150).

Cox raises four issues in the Complaint concerning events that allegedly occurred during his time in the Lawrence County Jail. Two issues concern a set of criminal proceedings against him, and two issues concern events happening at the jail during his confinement.

**First**, Cox appears to allege that he was not released from jail when criminal charges against him for burglary and receiving stolen property were dropped, but was held for two days and then re-arrested on a "false" warrant and indicted for the same offenses. (*Id*., PageID 150-153). Cox does not identify the dismissed case(s) except to note that they were before Judge Waldo and "nollied" by the State on April 21, 2022.[6] (*Id*., PageID 152). He may be referring to Case Nos. CRA2200241, CRA2200246, CRA2200247, and/or CRA2200248 before the Honorable Kevin J. Waldo in the Ironton Municipal Court.[7] The online docket of three of these cases reflect that they were dismissed or "nollied" by the State on April 21, 2022, and three reflect that Detective Brad Laymen was the officer involved. This re-indictment issue is raised

---

[3] It appears that Cox is referring to Lawrence County, Ohio Assistant Prosecutor Steve Nord. *See* https://lawrencecountyprosecutorsoffice.com/assistant-prosecutors (accessed Sep. 19, 2023).

[4] Cox says that these Defendants are detectives with the Lawrence County Sheriff Office. (Complaint, Doc. 13, PageID 149).

[5] It appears Cox is referring to the Honorable Andy Ballard of the Lawrence County Common Pleas Court. *See* https://lawrencecountycourts.us/ (accessed Sep. 19, 2023).

[6] On two pages of the Complaint, Cox says that charges were dropped on April 19, 2022. (*See* Doc. 13, PageID 150-151). This may be because these two pages were initially filed as part of the Complaint in Holmer Jenkins' case, No. 1:23-cv-320. (*Id*. (case numbers listed at top margin)).

[7] The online docket of these cases is available by name or case number search at http://www.irontonmuni.com/recordSearch.php (accessed Sep. 19, 2023).

in the Complaint against Detective Laymen and Detective Bollinger, who Cox says issued the warrant to cover up their mistakes. (*Id*., PageID 152-153).

**Second**, Cox suggests that Judge Ballard "blackmail[ed]" him in the resulting criminal case by saying that if the stolen items were returned, the Judge would "take off 2 year[s] for each item." (*Id*., PageID 153). Cox refers to Case No. 22CR000109, which is *State of Ohio v. Gregory C. Cox*, before Judge Ballard in the Lawrence County Court of Common Pleas.[8] (*See* Complaint, Doc. 13, PageID 157). Cox pled guilty to burglary and receiving stolen property charges in the case (among other things) and is serving a sentence on those and other convictions.[9] (*See also* Motion for Bond, Doc. 6; Motion Concerning Extortion, Doc. 7). The "blackmail" allegation appears to be the only allegation specifically raised against Judge Ballard in the Complaint.

**Third**, Cox alleges that he was denied dental care for holes in his back teeth and an infection while confined in the Lawrence County Jail between April 13, 2022 and May 8, 2022. (Complaint, Doc. 13, PageID 153-155). He says that his teeth needed to be pulled. (*Id*., PageID 153). This issue is not raised against any of the named Defendants, or against any person in particular. (*Id*.). Cox does allege he filed a grievance about the issue with Grievance Officer John Chapman and was told by Nurse Ricci Waddle that the facility did not have a dentist to take him to. (*Id*., PageID 155). But Cox has not named either of these individuals as Defendants in this case.

---

[8] The online docket of this case is available by name or case number search at https://eservices.lawrencecountyclerk.com (accessed Sep. 19, 2023).

[9] The Judgment Entry in the county criminal case is available in Appeal No. 23CA000026, at https://eservices.lawrencecountyclerk.com (accessed Sep. 19, 2023).

5

**Fourth**, Cox alleges that he slept on the floor for one week with only a blanket, sheet, and mat. (*Id.*, PageID 153). Again, this issue is not raised against any one in particular. (*Id.*). There is no other information in the Complaint about who the claim might be raised against.

Cox brings his Complaint under 42 U.S.C. § 1983, which requires him to allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). (Complaint, Doc. 13, PageID 150). As relief, he requests a "Proper Facility for inmates not to be housed on [the] floor and [to] have real medical assistance," as well as monetary damages for mental and emotional loss in the amount of $12,500. (Complaint, PageID 153). However, in the Civil Cover Sheet attached to his Complaint, Cox requests $30 million in damages. (Doc. 13, PageID 160). He has also filed several documents in the case that challenge his conviction and the circumstances surrounding it. (*See* Doc. 6, 7, 9, 14, 18).

**III.    Discussion**

    **A.    Claims about Cox's prosecution, conviction, and sentence**

As an initial matter, to the extent that Cox challenges his state court criminal convictions, seeks a new trial, or challenges the length of his sentence, his sole remedy is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973). He has filed such a petition, which is separately pending. *See Gregory Cox v. Andrew Ballard,* Case No. 1:23-cv-532 (S.D. Ohio).

Additionally, to the extent Cox seeks monetary damages based on an alleged wrongful conviction or imprisonment, his § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "Before [a] prisoner can bring claims for an allegedly unconstitutional conviction or

6

imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *Steele v. DeWine*, No. 1:13-cv-2408, 2014 WL 897001, at *3 (N.D. Ohio Mar. 6, 2014) (citing *Heck*, 512 U.S. at 486). Here, Cox does not allege that his convictions or sentences have already been invalidated.

As noted above, Cox alleges that Detectives Laymen and Bollinger issued a false warrant and indicted him on charges that had already been dismissed (perhaps intending a double jeopardy claim), and Judge Ballard "blackmail[ed]" him concerning his sentence. He also says the Detectives made a "mistake" and tried to cover it up (perhaps intending a malicious prosecution claim). Some of his later filings include argument seeking to undermine his guilty plea or the evidence against him. (*See, e.g.*, Motion for Bond, Doc. 6; Show Cause Order, Doc. 18). Any judgment in Cox's favor on these claims stemming from the state criminal proceedings would necessarily imply that his conviction, sentence, and resulting imprisonment are invalid. *See Heck*, 512 U.S. at 487. Indeed, this seems to be the purpose of this action. But because Cox has not alleged that his convictions have already been invalidated, he cannot proceed with a claim for damages based on those convictions in this § 1983 case.

To the extent that Cox may be raising a claim about his criminal cases that may not necessarily imply the invalidity of his conviction—such as a claim that he was held in jail without legal authority for two days *after* his municipal court charges were dropped but *before* he was indicted in the common pleas court (Complaint, Doc. 13, PageID 152)—the online records of his cases show that this is not what occurred. The state court records show that the

indictment against Cox in the common pleas court was filed *before* the charges were dropped against him in the municipal court.

Cox says he was arrested on April 13, 2022. (*Id*., PageID 152). At the time he was arrested, he was facing charges before Judge Waldo. (*Id*.). Judge Waldo is a judge of the Ironton Municipal Court. *See* http://www.irontonmuni.com/ (accessed Sep. 19, 2023). Cox's municipal court charges were dismissed or "nollied" on April 21, 2022. (*See* Complaint, Doc. 13, PageID 152-153). *See also* http://www.irontonmuni.com/recordSearch.php (accessed Sep. 19, 2023).

Two days *before* that, on April 19, 2022, an indictment was filed against Cox in the Lawrence County Court of Common Pleas. *See* Online Docket of *State of Ohio v. Gregory C. Cox,* Case No. 22CR000109, available at https://eservices.lawrencecountyclerk.com (accessed Sep. 19, 2023). A warrant on the indictment was issued the next day, April 20, 2022. (*Id*.). The Court may take judicial notice of these court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Together, these state court records show that, by the time Cox's municipal court charges were dismissed or "nollied" (on April 21), the indictment in common pleas court had already been filed (on April 19). *See generally Nelson v. Bradshaw*, No. 1:04-cv-2303, 2008 WL 1901392, at *18 (N.D. Ohio Apr. 25, 2008) (adopting a Report and Recommendation that explained that "prior to the issuance of [the] indictment, [the criminal defendant's] case would have been proceeding in municipal court pursuant to a 'complaint' filed by the city police prosecutor," rather than "by virtue of an 'indictment' by the county grand jury. Thus when an indictment against [him] was obtained, the complaint would need to have been nolled, since

further proceedings would be in a state common pleas court under the indictment, not in municipal court under the complaint.").

Because the state court records affirmatively show that the factual premise underlying this part of Cox's claim is incorrect, the claim should not proceed. *See Bennett v. Westbrooks*, No. 3:15-cv-854, 2015 WL 5330484, at *1 (M.D. Tenn. Sept. 11, 2015) (noting that the Prison Litigation Reform Act "gives courts 'the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless'" and that a court may consider "'judicially noticeable facts' that bear upon the plaintiff's allegations" in doing so) (internal citations omitted).

Even if the Court were to accept Cox's mistaken statements about the order in which these events occurred, his allegations do not rise to the level of a Fourth Amendment violation. "As a matter of procedure, the Fourth Amendment prohibits extended pretrial detentions unless a neutral decisionmaker finds that probable cause exists." *Lester v. Roberts*, 986 F.3d 599, 607 (6th Cir. 2021). But "a judicial probable cause determination within 48 hours complies with the promptness requirement" and generally "will be immune from systemic challenges." *Cox v. City of Jackson, Tenn.*, 811 F. App'x 284, 287 (6th Cir. 2020) (citing and quoting *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991)). "[A] particular plaintiff challenging the promptness of a determination [that was] made within 48 hours . . . would have to 'prove that his or her probable cause determination was delayed unreasonably.'" *Cox,* 811 F. App'x at 287 (citing *McLaughlin,* 500 U.S. at 56). Cox's allegations here describing a two-day delay appear to satisfy the 48-hour promptness requirement. There are no allegations that would show that the grand jury's indictment was "delayed unreasonably" or for any

9

improper purpose. Accordingly, this claim against Detectives Laymen and Bollinger should not proceed.

In addition, Judge Ballard and Prosecutor Nord are immune from suit. The claims for monetary damages against them in their *official* capacities should be dismissed because the claims are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018). "While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (cleaned up). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 68 (1989)). Cox's claims here against Judge Ballard and Prosecutor Nord are the same as claims against the State of Ohio. *See Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997) (concluding that an Ohio common pleas court was an arm of the state and a claim against a judge of that court was a claim against the state); *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (quoting *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993)) (county "prosecutors are considered state officials under Ohio law when they 'are responsible for prosecuting state criminal charges.'").

Claims for damages against the State of Ohio are barred by the Eleventh Amendment, which "denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." *Maben*, 887 F.3d at 270 (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a

10

damages action against a State in federal court." *Maben*, 887 F.3d. at 270 (quoting *Graham*, 473 U.S. at 169). Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)). This immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here. *Smith,* 476 F. Supp. 3d at 650-51. Accordingly, Cox's claims for monetary damages against Judge Ballard and Prosecutor Nord in their official capacities fail.

The Undersigned notes for completeness that had Cox sued these Defendants in their *individual* capacities, his claims against them would also fail. Claims against Judge Ballard for how he decided the criminal case against Cox are barred by the doctrine of judicial immunity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco,* 502 U.S. 9 (1991)) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction."); *Brown v. Hamilton Cnty., Ohio/Hamilton Cnty. Prosecutor's Off.*, No. 1:19-cv-969, 2021 WL 4451563, at *2-3 (S.D. Ohio Sept. 29, 2021) (where "each of the alleged actions about which Plaintiff complains occurred in the context of the criminal case brought against him," the defendant judge was immune and the claims against him dismissed). A judge does not lose this immunity even if "the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). As there is no suggestion in the Complaint that Judge Ballard lacked all subject matter jurisdiction over Cox's case, any claims based on how he handled that case are barred.

11

Any claim against Prosecutor Nord in his individual capacity is also barred. Like judges, prosecutors are "absolutely immune from liability" for actions they take that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotation marks omitted); *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 339 (6th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)) ("The Supreme Court in *Imbler* held that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' was not amenable to suit under § 1983."). There are some narrow exceptions to this immunity, *see Van de Kamp,* 555 U.S. at 343, but nothing in the Complaint implicates them. Thus, to the extent that Cox brings a claim against Prosecutor Nord for how he handled the county criminal case,[10] that claim is barred.

Accordingly, all the claims concerning Cox's conviction and sentence, including the first two issues raised against Detective Laymen, Detective Bollinger, and Judge Ballard, should be dismissed. To the extent a claim against Prosecutor Nord concerning the conviction can be implied based on these allegations, that claim too should be dismissed.

**B. Claims about the Lawrence County Jail**

Cox asserts that he was denied dental/medical care and had to sleep on a mat on the floor for a week. (Complaint, Doc. 13, PageID 153). He does not allege that any of the four named Defendants were responsible for this, nor can the Court reasonably infer that Defendants in the roles described in the Complaint (judge, prosecutor, detective) were responsible for his dental

---

[10] Cox does not include any allegations about Prosecutor Nord within the Complaint. A plaintiff, even one proceeding pro se, must plead sufficient facts to show how each defendant allegedly violated plaintiff's rights. *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

care or the conditions in the jail. Because Cox has failed to plead these claims against any named Defendant, or, put another way, because he has not sued the individuals or entities responsible for these issues, he does not state a claim on which relief may be granted with respect to these allegations.

That said, a pretrial detainee has "a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment." *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (citing *Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020)). To make such a claim, a plaintiff must prove that "that the alleged deprivation of medical care was serious enough to violate the [Constitution]." *Id.*, (citing *Griffith*, 975 F.3d at 567). He must also "prove that the defendant acted 'deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.*, at 606 (citing *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 597 (6th Cir. 2021)). The few conclusory references to needed dental care in the Complaint fail to satisfy these standards.

Similarly, "[c]onditions of confinement may be unconstitutional if they 'transgress today's 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency,'" *Hutto v. Finney,* 437 U.S. 678, 685 (1978) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)) or if they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But "courts in the Sixth Circuit have routinely rejected Eighth Amendment claims for mattress restrictions," i.e., the denial of a mattress. *Cook v. Leitheim*, No. 1:22-cv-630, 2022 WL 3040342, at *6 (W.D. Mich. Aug. 2, 2022). *See also Cooper v. Montgomery Cnty., Ohio*, No. 3:13-cv-272, 2017 WL 2841678, at *10 (S.D. Ohio June 30, 2017), *aff'd sub nom. Cooper v. Montgomery Cnty., Ohio Sheriff's Dep't*, 768 F. App'x

13

385 (6th Cir. 2019) (noting, in a case brought by a pretrial detainee, that "[a]s a general rule, courts have held that short-term deprivations of a mattress pass constitutional muster."). Cox's allegation that he slept on a mat instead of a mattress for one week fails to allege a sufficiently serious deprivation in this respect.

In sum, Cox fails to allege that any of the named Defendants denied him dental/medical care or a mattress. Had Cox brought these claims against a proper named defendant, the few cursory references to these issues in the Complaint either fail to state a claim on which relief may be granted, or do not rise the level of a constitutional violation. All claims concerning the last two issues raised in the Complaint should be dismissed.

### IV. Summary and Conclusion

The Undersigned **RECOMMENDS** that the Court **DISMISS** Cox's Complaint in Case No. 1:23-cv-324 in its entirety. The matters raised in the Complaint either must be raised in a habeas corpus action, are barred by the *Heck* doctrine, are based on a mistaken understanding of state court events, are raised against parties who are immune, are raised against non-parties, and/or are inadequately pled. As a result, Plaintiff Cox has failed to state a claim on which relief may be granted, or the claims are frivolous. 28 U.S.C. §§ 1915A(b) and § 1915(e)(2).

The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith, and therefore, deny Cox leave to appeal it *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Cox is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

V.     Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

September 26, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE